IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Crim. No. DLB-21-171 |
| **DEVONTA TAWAIN JOHNSON,** | * | |
| Defendant. | * | |

**MEMORANDUM**

Devonta Tawain Johnson, who is serving a 60-month sentence for possession of ammunition by a prohibited person and possession with intent to distribute marijuana, seeks compassionate release from prison. He has not shown he is entitled to this extraordinary relief.

**I.    Background**

On January 13, 2021, in Temple Hills, Maryland, Prince George's County police stopped a car that Johnson was driving because the officers believed the car's windows were tinted beyond the legal limit in Maryland. When the officers approached the car and Johnson opened the door, the officers detected the odor of marijuana, searched the vehicle, and recovered 321 grams of marijuana and a Polymer 80 9mm caliber pistol with a Glock slide and barrel loaded with approximately 26 rounds of ammunition.

On May 18, 2021, a grand jury returned a three-count indictment against Johnson. In Count One, he was charged with possession of ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). In Count Two, he was charged with possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). And in Count Three, he was charged with possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c).

Johnson moved to suppress the evidence seized from his car and his statements to police. At a December 7, 2021 motions hearing, the Court denied the motions to suppress. Trial was scheduled for September 26, 2022. Trial preparation ensued, including the filing of several motions in limine.

On August 12, 2022, Johnson pled guilty to Counts One and Two of the Indictment: possession of ammunition by a prohibited person and possession with intent to distribute marijuana. The plea was entered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Under the terms of the agreement, Johnson and the United States agreed that the appropriate combined sentence for Counts One and Two should be not less than 48 and not more than 77 months' incarceration. ECF 99. In exchange for this agreement, the government agreed not to pursue Count Three, possession of a firearm in furtherance of a drug-trafficking crime. If Johnson had been convicted of Count Three, he would have faced a mandatory five-year sentence consecutive to any other sentence. 18 U.S.C. § 924(c)(1)(A)(i). On November 30, 2022, Johnson was sentenced to 60 months' imprisonment on Counts One and Two, with the sentences to run concurrent, and three years of supervised release. ECF 113. Count Three was dismissed. *Id.* at 1; ECF 118, at 42.[1]

On June 12, 2024, Johnson, through counsel, filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) on compassionate release grounds. Johnson claims the relief is appropriate because of his "disproportionately harsh sentence, the changing attitudes and policies toward marijuana, . . . the conditions he endured during confinement," and his rehabilitation. ECF 126, at 13. The government maintains that Johnson is not entitled to compassionate release "given [his] conduct, [his] lengthy criminal history, and the fact [that he] got the benefit of a plea bargain

---

[1] The Honorable Paul W. Grimm presided over this case through Johnson's sentencing. After Judge Grimm retired in December 2022, this case was reassigned to the undersigned.

and was sentenced within the range agreed to by both parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)." ECF 128, at 1. Johnson filed a reply. ECF 129. Because Johnson has not shown extraordinary and compelling reasons for a sentence reduction, his motion is denied.

## II.     Discussion

Generally, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022). However, the First Step Act, enacted in December 2018, permits courts to reduce a prison sentence on a defendant's motion if "extraordinary and compelling reasons warrant such a reduction . . . and . . . such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); First Step Act, Pub. L. 115-391 § 603(b), 132 Stat. 5194, 5239 (2018). If these criteria are met, the court then considers the applicable factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's Policy Statement, as amended on November 1, 2023, provides that "extraordinary and compelling reasons" for release exist when (1) the defendant has a terminal illness or a serious physical or mental health condition that substantially and permanently diminished the defendant's "ability . . . to provide self-care" or that requires "long-term or specialized medical care" that the prison is not providing, or there is or imminently will be an infectious disease outbreak or public health emergency at the facility where the defendant is housed, the defendant is at an increased risk of severe medical complications or death from exposure, and that risk cannot be mitigated; (2) the defendant is at least 65 years old and other criteria are met; (3) "the caregiver of the defendant's minor [or incompetent] child" dies or is incapacitated; the defendant's spouse, registered partner, parent, immediate family member, or other "individual whose relationship with the defendant is similar in kind" is incapacitated and

there is no other available caregiver; (4) someone in custody or control of the defendant, while they were serving the sentence they seek to reduce, sexually abused them or caused "serious bodily injury" from physical abuse; (5) "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)"; or (6) the defendant has served at least 10 years of an unusually long sentence. U.S.S.G. § 1B1.13(b)(1)–(6). Under subpart (5), the court has "broad discretion . . . to consider a wide array of extraordinary and compelling justifications for release." *United States v. Brown*, 706 F. Supp. 3d 516, 519 (D. Md. 2023); *see also United States v. McCoy*, 981 F.3d 271, 288 (4th Cir. 2020) (noting, before § 1B1.13 was amended, the court retains the discretion to determine whether extraordinary and compelling reasons justify a sentence reduction).

Johnson claims his case presents extraordinary and compelling reasons for a reduction of his sentence. It does not. None of the reasons he cites—individually or collectively—justifies compassionate release from prison.

Johnson argues that his sentence was "inflated" because his guidelines range was either too high or incorrectly calculated. ECF 126, at 13. He says his criminal history category (V) overstated his dated, non-violent criminal history. He objects to the four-level increase in his offense level under U.S.S.G. § 2K2.1(b)(6)(B) for possession of a firearm and ammunition in connection with the marijuana offense. He argues the enhancement should not have applied because he did not possess the firearm and ammunition in connection with "his low-level marijuana distribution to friends and acquaintances." *Id.* at 15. He possessed them for his self-protection when he "enter[ed] dangerous neighborhoods" in his community role as a "Violence Interrupter." *Id.* at 3, 15. Johnson also complains that he did not receive a one-point reduction under U.S.S.G. § 3E1.1(b) because he

4

litigated a motion to suppress the evidence recovered from his vehicle. Johnson believes the motion "would likely be granted" now because "a search predicated only on the smell of marijuana is illegal."[2] *Id.* at 16. For these reasons, Johnson contends that his 60-month sentence was "excessive . . . particularly as compared to the 60-month maximum for the marijuana charge and the 30-month average sentence for marijuana offenses." *Id.* at 14.

Johnson's attacks on the guidelines are not grounds for compassionate release. They could have been raised at sentencing; some of them were. *See* ECF 107, at 9, 11–12, 15, 18–19; ECF 118, at 22. A compassionate release motion is not a vehicle to re-litigate issues that could have been or were raised at sentencing. *See United States v. Henry*, No. SAG-05-147, 2022 WL 2905057, at *2 (D. Md. July 22, 2022) ("While the compassionate release framework is meant to provide a 'safety valve' to reduce an otherwise-final sentence if there is an 'extraordinary and compelling' reason to do so, it is not meant to provide movants with an opportunity to simply relitigate their sentencings."). If Johnson intends to lodge a collateral attack on his conviction or sentence, he must file a § 2255 habeas petition. *See Ferguson*, 55 F.4th at 271, 272. "[A] compassionate release motion cannot be used to challenge the validity of a defendant's conviction or sentence." *Id.* at 272.

Johnson's complaint that the 60-month sentence was too high because it is the maximum possible sentence for Count Two (possession with intent to distribute marijuana) also is not a

---

[2] Johnson cites no case law to support his speculation that his motion to suppress evidence from the 2021 search of his car likely would be granted now. There is reason to think he is incorrect. *See Kelly v. State*, 318 A.3d 64, 67, 72 (Md. App. Ct. 2024) (holding that Maryland law effective July 1, 2023 "prohibit[s] a police officer from conducting a search of a person's vehicle based solely on the odor of cannabis . . . . is not retroactive" and therefore did not apply to 2021 search of the defendant's vehicle). If Johnson is suggesting that police could not search his car today based solely on the odor of cannabis, he is correct. But that change in Maryland law does not justify compassionate release. Moreover, the Court will not speculate about whether Johnson's motion to suppress evidence would be granted if the same events occurred today.

5

reason for compassionate release. Johnson glosses over the fact that the concurrent 60-month sentence for the other count he pled guilty to—Count One (possession of ammunition by a prohibited person)—was 17 months below the 77–96 months guidelines range for that offense. ECF 103, at 18. And the 60-month concurrent sentences were towards the low end of the 48–77 months range to which Johnson agreed in the plea agreement. *Id.* at 19; ECF 99; *see* ECF 118, at 4. Johnson also skips over the fact that in exchange for his guilty plea, the government agreed not to pursue Count Three (possession of a firearm in furtherance of a drug-trafficking crime), thereby eliminating the possibility that he would be sentenced on that count to a mandatory five years' incarceration, consecutive to any other sentence. ECF 99, at 6; ECF 113, at 1; ECF 118, at 42. Johnson made a calculated decision to forgo his trial rights on all three counts in exchange for pleading guilty to the two counts that did not expose him to a mandatory minimum, consecutive sentence. He was sentenced towards the low end of the range to which he agreed—a sentence significantly lower than he could have received if he had been convicted of all charges at trial. Under the circumstances of this case, the length of Johnson's sentence does not present an extraordinary and compelling reason for compassionate release.

Next, Johnson argues that the Court should reduce his sentence because of "[c]hanging societal perceptions and attitudes around marijuana." ECF 126, at 20. He acknowledges that "marijuana remains . . . illegal" under federal law. *Id.* Still, he asserts that "federal prosecutions for possession [of marijuana have] decreased," sentences for marijuana possession or distribution "have decreased dramatically," and the legal marijuana industry is "booming." *Id.* at 20–22. A change in federal sentencing law may warrant a sentence reduction under § 3582(c)(1)(A) "to conform to that change." *Ferguson*, 55 F.4th at 271 (citing *McCoy*, 981 F.3d at 275). But Johnson has not identified a change in federal sentencing law. He identifies changes in societal norms and

state law on marijuana, but those kinds of changes are not grounds for compassionate release here. What's more, Johnson's sentence was not based on the marijuana charge alone: Johnson also was convicted of unlawful possession of ammunition.[3] And the parties' stipulated sentencing range of 48–77 months accounted for the fact that the government, as part of the plea agreement, would dismiss the most serious charge, possession of a firearm in furtherance of a drug-trafficking crime.

Finally, Johnson claims he is entitled to compassionate release because of poor prison conditions and post-sentencing rehabilitation. He asserts that, due to COVID-19 surges, there were "rolling lockdowns" that "relegated him to his cell, eliminated any hope at programming, and often prevented him from speaking to family members and defense counsel." ECF 126, at 24. He complains that in prison there is "frequent violence which correctional staff quell[s] with riot tactics and pepper spray," "filthy and unsanitary" conditions, and "rampant" drug use. *Id.* at 25. Despite these difficult prison conditions, Johnson enrolled in a drug treatment program, through which he "participated in over thirty groups, including those pertaining to drug use, trauma, addiction, reentry, and employment"; he enrolled in UNICOR, the work program that helps participants prepare for employment after incarceration; and he completed a ServSafe kitchen skills and safety program. *Id.* at 26. Johnson "regrets engaging in marijuana sales, and regrets possessing a firearm and ammunition." *Id.*

The poor conditions of confinement that Johnson describes are not an extraordinary and compelling reason for compassionate release. And rehabilitation efforts in prison also are not, on their own, grounds for compassionate release. *See* U.S.S.G. § 1B1.13(d) (providing "rehabilitation

---

[3] Johnson was not convicted of unlawful possession of a firearm, but he agreed in the plea agreement's stipulation of facts that he had in his car a Polymer 80 9mm caliber pistol with a Glock slide and barrel loaded with approximately 26 rounds of ammunition. ECF 99-1, at 1.

of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement").

Johnson has not identified extraordinary and compelling reasons for a reduction in his sentence.

### III. Conclusion

Because Johnson has not shown extraordinary and compelling reasons for a sentence reduction, his motion for compassionate release is denied.

January 9, 2025
Date

Deborah L. Boardman
United States District Judge